United States District Court
Southern District of Texas
**ENTERED**
May 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. 2:13-210-2 |
| § | |
| **JOSE INEZ ZAPATA,** § | |
| Defendant. § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Jose Inez Zapata's Motion for Reduction in Sentence Pursuant to 18 U.S.C. Sec. 3582(c)(1)(A). D.E. 267. For the reasons stated below, the motion is **DENIED**.

### I. BACKGROUND

In 1994, Defendant was sentenced to life imprisonment in Case No. 3:93-CR-285-9 in the Northern District of Texas after being convicted of conspiracy to distribute cocaine, use of a communication facility in a drug trafficking crime (three counts), conspiracy to distribute marijuana, and aiding and abetting money laundering. In 2008, while incarcerated in FCI Three Rivers, Defendant participated in the murder of Servando Rodriguez during a planned attack by approximately 40 Mexican Mafia gang members/associates on members/associates of the Paisa prison gang. He was convicted of conspiracy to commit murder and sentenced by this Court to life imprisonment, to run consecutive to his life sentence in 3:93-CR-285-9.

Defendant now moves the Court to reduce his sentence to time served based on extraordinary and compelling reasons. He emailed an administrative request to the Warden of

USP McCreary on March 12, 2025, citing his age, years spent in prison, and post-sentencing rehabilitative efforts. D.E. 267-1, p. 1. He does not indicate whether he received a response.

## II. LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement provides that extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: (1) medical circumstances; (2) age (at least 65); (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)–(4); and (6) unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(3). The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)–(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III.  ANALYSIS

#### A.  Extraordinary and Compelling Reasons

##### 1.  Age

Defendant first cites his "declining physical and mental health due to the aging process." D.E. 267, p. 2.

Under the Guidelines, extraordinary and compelling reasons may exist where "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2).

Defendant is 67 years old. He has submitted records from a Clinical Encounter on March 8, 2021, indicating that he was being treated for hypertension, obesity, hyperlipidemia, prediabetes, anxiety, and glaucoma. D.E. 267-1, p. 10. He also claims to suffer from failing eyesight and early dementia "that is not being acknowledged, treated, or accommodated by the BOP." D.E. 267, p. 2.[1]

Defendant has failed to offer any competent evidence that he is currently experiencing a serious deterioration in physical or mental health because of the aging process. Even if he had, Defendant fails to qualify for a sentence reduction under U.S.S.G. § 1B1.13(b)(2) because he admittedly has not served any time on his sentence in this case, which will commence once he has satisfied his sentence in 3:93-CR-285-9. *See* D.E. 267, p. 3 ("All 31 years are currently assigned to that sentence, so technically no time has been assigned to this case.")

### 2. Unusually Long Sentence

Defendant also argues that his life sentence is unusually long, given that "the median sentence for murder in the federal system is 240 months." D.E. 267, p. 4.

A defendant's unusually long sentence may be extraordinary and compelling in certain circumstances:

> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the

---

[1]. In support of this claim, Defendant has offered a handwritten Sworn Affidavit purportedly from his longtime cellmate, Michael Middleton. D.E. 267, p. 9. The affidavit is not notarized. *Id.* at 12. Middleton describes himself as Defendant's caregiver and is "very concerned about what will happen to [Defendant] when my incarceration ends in roughly 18 months." *Id.* at 10. According to the BOP inmate locator, Middleton's projected release date is in 2028.

> defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Defendant's life sentence was within his advisory guideline range based on the specific circumstances of his crime. As noted above, he has not yet served any time on his sentence in this case. He also fails to cite any change in law that would result in a substantially lower sentence if he were sentenced today. As such, the Court finds Defendant has failed to demonstrate that he qualifies for a sentence reduction under U.S.S.G. § 1B1.13(b)(6).

### 3. Post-Sentencing Rehabilitation

Defendant emphasizes his post-sentencing rehabilitative efforts, including "evidence-based-recidivism-reduction programming" and his "continuing, active, ongoing efforts to obtain his GED." D.E. 267, p. 1. He also claims to have lowered his PATTERN score to "low risk of recidivism" and to have received only a handful of minor incident reports in the last 31 years.

Defendant has failed to offer any evidence of his rehabilitative efforts or disciplinary record while in prison. Moreover, courts may consider a defendant's rehabilitation in combination with other circumstances; however, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary

and compelling reason for purposes of this policy statement."). Defendant has not shown that any other extraordinary and compelling reason exists that would warrant a sentence reduction.

### 4. Other Sentencing Errors

Finally, Defendant asks the Court to "question how good a defense [Defendant], a Mexican-American already serving a life sentence, represented by an over-worked, under-paid public defender, actually received." D.E. 267, p. 4. He further complains that "it never made sense why [Defendant] would be involved in an incident between prisons gangs when he was not a member of any gang." *Id.*

To the extent Defendant seeks to raise claims of ineffective assistance of counsel or actual innocence, the relief he seeks is available, if at all, pursuant to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. "Because these claims are cognizable under 28 U.S.C. § 2255, they are not cognizable under 18 U.S.C. § 3582(c)." *See United States v. McMaryion,* No. 21-50450, 2023 WL 4118015, at *1 (5th Cir. June 22, 2023) (citing *United States v. Escajeda,* 58 F.4th 184, 186–88 (5th Cir. 2023)). The Court declines to construe the claims under Section 2255, however, because Defendant previously filed a Section 2255 motion and has not shown that he has sought or obtained permission from the Fifth Circuit to file a second Section 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim)).

### B.  18 U.S.C. §§ 3142(g) and 3553(a) Factors

Defendant is currently serving a life sentence for his participation in a large-scale drug trafficking organization that imported large quantities of cocaine and marijuana from Mexico. According to the Presentence Report:

> [M]embers of the organization, including the defendant, would subsequently ship the drugs to San Antonio and Austin, Texas, and to Chicago, Illinois, and Tampa, Florida. Investigation also revealed that Jose Zapata was in charge of the "stash houses" where large quantities of drugs were stored and was also found to have a managerial role within the drug conspiracy. Jose Zapata was held accountable for approximately 1,125 pounds of marijuana and 200 kilograms of cocaine. The defendant's wife, Norma Rodriguez, was also convicted of the drug conspiracy.

D.E. 135, ¶ 46.

This case involved the premeditated murder of a ranking member of a rival prison gang during an orchestrated attack that left more than a dozen victims seriously injured. According to the Presentence Report,

> [Codefendant] Hernandez initiated the assault on Rodriguez as planned and after the assault was initiated, other MM members and associates joined in the assault on Rodriguez and/or arrived to assault and prevent Beltran and other Paisa members and associates from assisting Rodriguez. Witnesses reported that Hernandez was observed stabbing the victim, Rodriguez, multiple times with a shank. Other witnesses reported seeing Hernandez striking Rodriguez with a broomstick and kicking Rodriguez while Rodriguez was on the floor.
>
> Witnesses reported that the victim, Rodriguez, was caught off guard by the attack, but was trying to defend himself with a belt and lock. Rodriguez managed to strike Hernandez with the lock which caused some of Hernandez's injuries. A witness also stated that at one point, *after being stabbed many times by Hernandez and Jose Zapata*, Rodriguez attempted to get up on his knees, but

> Leopoldo Orfila hit Rodriguez in the back of the head with a table leg which caused Rodriguez to go down to the floor again and Rodriguez did not move after that strike.

*Id.*, ¶¶ 15–16 (emphasis added).

Based on the nature and circumstances of the offense of conviction, Defendant's criminal history, and the danger to the community that would be posed by his early release, the Court finds that compassionate release would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Defendant from prison would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the reasons stated above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with 18 U.S.C. §§ 3142(g) and 3553(a). Accordingly, Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. Sec. 3582(c)(1)(A) (D.E. 267) is **DENIED**.

**ORDERED** on May 21, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE